**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| JAMES EDWARD PRINCE, No. 193-656 / 85992 | * | |
| Petitioner, | * | Case No.: GJH-17-3660 |
| v. | * | |
| WARDEN FRANK B. BISHOP, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On December 11, 2017, Petitioner James Edward Prince filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction and sentence for first-degree murder and related offenses entered in 1988 by the Circuit Court for Baltimore County. ECF No. 1. Respondents filed an Answer arguing that Prince's Petition is an unauthorized successive petition. ECF No. 3. Prince filed a reply, ECF No. 4, and a Motion to Appoint Counsel, ECF No. 5. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Prince has unsuccessfully sought habeas relief in this Court on at least one occasion. *See Prince v. Corcoran*, Civil No. H-97-1464 (D. Md. Dec. 17, 1997) *aff'd*, No. 98-6047 (4th Cir. Jul. 22, 1998). *See* ECF No. 3-1. Under 28 U.S.C. § 2244, Prince may only file a second or

1

successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application, which he has not done. *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 83 F.3d 1303, 1305–07 (11th Cir. 1996). Prince indicates that he brings the current Petition based on newly discovered evidence regarding the admissibility of the microscopic hair comparison anlaysis put forth during his 1988 trial. ECF No. 4. Nevertheless, he must still comply with the gatekeeping provision of 28 U.S.C. § 2244(b)(3)(A) given that the pending Petition is successive, and this Court may not consider his Petition until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See In re Vial*, 115 F.3d 1192, 1198 (4th Cir. 1997) (noting that successive petition for newly discovered evidence must be certified by the appropriate court of appeals).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Prince wish to seek authorization to file a successive petition. It is to be emphasized that Prince must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.[1]

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

---

[1] Furthermore, there is no constitutional right to counsel in federal habeus proceedings. *See Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), and Price has failed to demonstrate that the interests of justice warrant the appointment of counsel at this time. *See United States v. Riley,* 21 F. App'x 139, 141–42 (4th Cir.2001).

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Prince has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a Certificate of Appealability. Therefore, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Prince's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;
2. A Certificate of Appealability **SHALL NOT ISSUE**;
3. Prince's Motion to Appoint Counsel, ECF No. 5, is **DENIED**;
4. The Clerk **SHALL MAIL** a copy of this Order and the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Prince; and
5. The Clerk **SHALL CLOSE** this case.

Dated: August 15, 2018

/s/
GEORGE J. HAZEL
United States District Judge